IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANNE GARRITY ESQ., as
Court-Appointed Guardian Ad
Litem for S.N.G., a minor,

      Plaintiff,

v.                                      CV 19-00095 KK/JHR

THE GOVERNANCE BOARD
OF CARIÑOS CHARTER
SCHOOL and VERNON
JARAMILLO, individually,

      Defendants.

**ORDER FOR SUPPLEMENTAL PRIVILEGE LOG**

This matter comes before the Court sua sponte. The Court has reviewed *Defendant The Governance Board of Cariños Charter School's Motion to Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* [Doc. 26] and the privilege log provided by Defendant The Governance Board of Cariños Charter School [the Board] in support of its Motion [Doc. 26-2]. Having concluded that the Board's privilege log does not satisfy Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, the Court will compel the Board to furnish a supplemental privilege log that allows Plaintiff and the Court to assess its claims of privilege.  The Court also reminds the parties to honor the privacy protections mandated by Fed. R. Civ. P. 5.2.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from allegations that Defendant Vernon Jaramillo was sexually inappropriate toward and sexually assaulted S.N.G., a minor child, while S.N.G. was a student at

Cariños Charter School and Defendant Jaramillo was the school's Chancellor and CEO. [Doc. 1-1, pp. 2-4]. Plaintiff's Complaint was filed in the First Judicial District Court of New Mexico on January 4. 2019. [Doc. 1-1]. The case was removed on February 2, 2019. [Doc. 1].

On August 2, 2019, Plaintiff served two subpoenas: one to Ronald Van Amberg, former counsel for the Board, and one to the New Mexico Public Education Department (PED). [Doc. 28, pp. 4-6]. Both subpoenas sought documents related to prior allegations of sexual misconduct by Defendant Jaramillo. [*Id.*]. The Board moved to quash the subpoena to Mr. Van Amberg, claiming attorney-client and work product privileges for documents contained in Mr. Van Amberg's litigation file for a previous case involving similar allegations against Defendant Jaramillo. [Doc. 26, pp. 4-5; Doc. 31, pp. 2-3]. The Board supplied a privilege log identifying twenty-three responsive documents. [Doc. 26-2].

## ANALYSIS

I. **The Parties Shall Comply With Rule 5.2 of the Federal Rules of Civil Procedure Regarding Privacy Protection for Filings Made With the Court**

As a preliminary matter, the Court addresses Fed. R. Civ. P. Rule 5.2's privacy protections applicable to filings in this case. Personal information that may appear in Court filings is limited. *See id.* Pertinent here, a filing may not disclose an individual's date of birth but may state the birth year only. Fed. R. Civ. P. 5.2(a)(2). Also, the name of an individual known to be a minor may not appear in a court filing; the filing may contain the minor's initials only. Fed. R. Civ. P. 5.2(a)(2).

The subpoenas issued to Mr. Van Amberg and the PED in this case contain protected information relative to S.N.G. The Van Amberg subpoena contains S.N.G's full name. [Doc. 26-1, p.3]. The PED subpoena contains S.N.G.'s full name and date of birth. [Doc. 28-1, p. 3]. An unredacted copy of the Van Amberg subpoena, containing S.N.G.'s full name, was attached as an exhibit to the Board's filed Motion [Doc. 26-1]. Unredacted language from the Van Amberg

subpoena, including S.N.G's full name, was also copied into Plaintiff's filed Response [Doc. 28, p. 5]. Additionally, an unredacted copy of the PED subpoena, containing S.N.G's full name and date of birth, was attached to Plaintiff's filed Response. [Doc. 28-1, p. 3].

The Court has sealed the filings containing S.N.G.'s protected information so that they are only visible by the parties and the Court. [Doc. 26; Doc. 28]. However, the Court strongly cautions the parties to safeguard such information in future filings, in compliance with Rule 5.2's privacy protection provisions.

## II.    The Board's Privilege Log Contains Insufficient Detail to Enable the Court to Assess its Claims of Privilege

In its Motion, the Board claims that the information sought in the Van Amberg subpoena is protected attorney work product and/or attorney-client communications. [Doc. 26, pp. 3-5]. For the work-product doctrine to apply, the asserting party must show that the documents or materials were prepared in anticipation of litigation by or for a party or that party's representative. Fed. R. Civ. P. 26(b)(3). With respect to the attorney-client privilege, the party asserting the privilege must show that the material sought constitutes a "confidential communication made for the purpose of facilitating the rendition of professional legal services to the client." Rule 11-503(B), NMRA.[1]

Where work product or attorney-client privilege are asserted grounds for withholding information responsive to a subpoena, the person or entity withholding the information must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Assessment of privilege "necessarily requires a sufficient

---

[1] In a diversity case, state law governs the scope of the attorney-client privilege, whether there has been a waiver, and the scope of any waiver. Federal law, however, continues to govern all issues related to the work-product doctrine. *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007).

factual record." *Texas Brine Co., LLC & Occidental Chem. Corp.*, 879 F.3d 1224, 1229 (10th Cir. 2018). Only when the Court has sufficient factual information about the contested documents can it make a principled determination whether the work product or attorney-client privilege applies. *See* id. "Any attempt to make this type of determination without this factual foundation amounts to nothing more than a waste of judicial time and resources." *Id.*

Here, the Board provided a privilege log which, in most instances, includes names of the authors and recipients of the withheld documents, but does not describe the relationship between the named individuals and the Board, Mr. Van Amberg, or the litigation at issue. [*Id.*]. The log includes descriptions of the documents withheld, but those descriptions are vague, providing little if any indication why the withheld document falls under the privileges claimed. [*Id.*]. Overall, the privilege log is insufficient for an assessment of the Board's privilege claims.

An insufficient privilege log can be deemed a waiver of the privileges claimed.[2] However, the Court will not find waiver under these circumstances. "[W]aiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003); *see also K.G. by & through Christine C v. Santa Fe Pub. Sch. Dist.*, No. 12-cv-1209, 2014 WL 12796749, at *2 (D.N.M. Mar. 27, 2014). The Board did not ignore Rule 45(e)(2)(A); the log it submitted was simply inadequate. Therefore, mindful of the need to balance the interest of Plaintiff in full disclosure and the interest

---

[2] *See, Texas Brine*, 879 F.3d at 1229 n. 5; *In re Grand Jury Subpoena*, 274 F.3d at 576 ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim."); *Dorf & Stanton Comms., Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (affirming the district court's determination that the attorney-client privilege had been waived because the party asserting the privilege failed to comply with Fed. R. Civ. P. 45(e)(2)(A) and 26(b)(5)). *See also*, Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment ("A person claiming a privilege or protection who fails to provide adequate information about the privilege or protection claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt under subdivision [ (g) ].").

of the Board in protecting what may be privileged information, the Court will allow the Board a final opportunity to supply the necessary information in support of its claims of privilege.

In order to fulfill the purpose of a privilege log, the Board must include the following information as to each withheld document: (a) the document's title, if any; (b) the type of document, *e.g.*, a letter, a memorandum, an e-mail message; (c) the date(s) on which the document was prepared; (d) the date(s) on which the document was transmitted to its intended recipients, if different; (e) the identity of all person(s) who prepared the document, and each such person's employer and job title; (f) the identity of all person(s) who received the document, and each such person's employer and job title; (g) the purpose(s) for preparing the document; (h) the number of pages of the document; and, (i) the specific privilege(s) and protection(s) being asserted as to the document. *See Willis v. Geico Gen. Ins. Co.*, No. 13-cv-280, 2016 WL 1749665, at *8 (D.N.M. Mar. 29, 2016); *Certain Underwriters of Lloyd's v. Old Republic Ins. Co.*, No. 13-cv-701, 2015 WL 12748248, at *11 (D.N.M. Aug. 18, 2015). The Court will use the supplemental log to determine whether the work product or attorney-client privilege apply to any of the documents withheld and whether any such protections have been waived.

## **ORDER**

IT IS THEREFORE ORDERED that the Board shall submit its supplemental privilege log to the Court and to Plaintiff within fourteen (14) days of the entry of this Order.

_____

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE