IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANNE GARRITY ESQ., as
Court-Appointed Guardian Ad
Litem for S.N.G., a minor,

      Plaintiff,

v.                                                              CV 19-00095 JAP/JHR

THE GOVERNANCE BOARD
OF CARIÑOS CHARTER
SCHOOL and VERNON
JARAMILLO, individually,

      Defendants.

**ORDER GRANTING DEFENDANT THE GOVERNANCE BOARD
OF CARIÑOS CHARTER SCHOOL'S MOTION TO QUASH SUBPOENA**

THIS MATTER is before the Court on *Defendant the Governance Board of Cariños Charter School's Motion to Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* [Doc. 26], filed September 9, 2019. The determinative question is whether Defendant the Governance Board of Cariños Charter School (the Board) has established that documents withheld are protected attorney work-product or protected attorney-client communications. Having reviewed the parties' submissions, the record, and the relevant law the Court concludes that the Board's Motion is well taken and should be granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from allegations Defendant Vernon Jaramillo was sexually inappropriate toward and sexually assaulted S.N.G., a minor child, while S.N.G. was a student at Cariños Charter School (Cariños) and Defendant Jaramillo was the school's Chancellor and CEO. [Doc. 1-1, pp.

2-4]. Plaintiff's Complaint was filed in the First Judicial District Court of New Mexico on January 4. 2019. [Doc. 1-1]. The case was removed on February 2, 2019. [Doc. 1].

On August 2, 2019, Plaintiff served two subpoenas: one to Ronald Van Amberg, former counsel for the Board, and one to the New Mexico Public Education Department. [Doc. 28, pp. 4-6]. Both subpoenas sought documents related to prior allegations of sexual misconduct by Defendant Jaramillo. [*Id.*]. The Board moved to quash the subpoena to Mr. Van Amberg which sought documents contained in Mr. Van Amberg's litigation file related to a previous case involving allegations of sexual misconduct by Defendant Jaramillo toward former Cariños employee Deana Gallegos. [Doc. 26, pp. 4-5; Doc. 31, pp. 2-3]. The Board supplied a privilege log identifying twenty-three documents withheld as privileged attorney-client communications or attorney work-product. [Doc. 26-2].

The Court determined that Board's privilege log did not contain sufficient information to enable its privilege claims to be evaluated. [Doc. 39, pp. 3-5].[1] The Court permitted the Board to supplement its privilege log, which it did on November 29, 2019 and again on December 5, 2019. [Doc. 39, p. 5; Doc. 43; Doc. 47]. The two supplemental privilege logs identify three documents responsive to the Van Amberg subpoena which are withheld on the basis of privilege.[2] [Doc. 43,

---

[1] The Court's November 15, 2019 Order also addressed the parties' failure to comply with Federal Rule of Civil Procedure 5.2, which limits personal and identifying information that may appear in court filings. *See* Fed. R. Civ. P. 5.2 (prohibiting the inclusion of an individual's date of birth and the inclusion of a minor's full name in court filings). Specifically, the Court addressed the inclusion of S.N.G.'s date of birth and full name in the parties' filings. [Doc. 39, pp. 2-3]. The Court cautioned the parties to avoid including such identifying information in future filings. [*Id.*, p. 3]. Nonetheless, S.N.G.'s full name appears in the Board's supplemental privilege log. [Doc. 47, p. 2]. As with the previous filings that including improper identifying information, the Court has sealed the Board's supplemental privilege log so that it is only accessible to the parties and the Court. **The parties are reminded to comply with the protective provisions of Fed. R. Civ. P. 5.2.**

[2] Although the supplemental privilege logs identify the same three documents for which privilege is asserted, the supplemental logs themselves are not identical. The first supplemental log includes descriptive information which was not included in the Board's initial privilege log. [Doc. 43]. The second supplemental log includes additional descriptive information about each document withheld as well as additional categories of information for each document withheld, in compliance with the Court's November 15, 2019 Order. [Doc. 47].

p. 2; Doc. 47, pp. 2-3]. According to the Board, the other responsive documents identified in its initial privilege log that were in its counsel's possession have been produced. [Doc. 47, p. 2]. The Board waives its prior assertions of privilege as to those documents. [*Id.*].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 45(e) sets forth a party's duties when responding to a subpoena and allows a party to claim that material subpoenaed is privileged or protected. Fed. R. Civ. P. 45(e)(2)(A). A party withholding subpoenaed information under a claim of privilege must (1) expressly invoke the privilege and (2) describe the nature of the withheld material in a manner that, without revealing privileged information, enables the parties to assess the claim of privilege. *Id.* The party asserting privilege as a bar to discovery has the burden of establishing that the privilege applies. Fed. R. Civ. P. 26(b)(5); *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999) ("The burden of establishing the applicability of the attorney-client privilege rests on the party seeking to assert it. The party must bear the burden as to specific questions or documents, not by making a blanket claim."); *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("The party asserting a work product privilege as a bar to discovery must prove the doctrine is applicable.")

Here, the Board identifies three documents responsive to the Van Amberg subpoena that have been withheld as privileged attorney-client communications and attorney-work product. [Doc. 2-3].

The attorney-client privilege protects "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks and citation omitted). "[T]he mere fact that an attorney was involved in a communication

3

does not automatically render the communication subject to the attorney-client privilege; rather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Id.* (alteration in original) (internal quotation marks and citation omitted).

The attorney work-product doctrine is intended to guard against divulging the attorney's strategies and legal impressions. *Resolution Trust Corp.*, 73 F.3d at 266. The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). "In performing his various duties ... it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. at 510. The work-product applies to protect documents or materials prepared in anticipation of litigation by or for a party or that party's representative. *See* Fed. R. Civ. P. 26(b)(3). If the party asserting the work-product protection establishes entitlement to the protection, Rule 26(b)(3) allows for the production of attorney work-product materials "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

### III.    ANALYSIS

#### A. The Board has Established That the Documents Withheld are Privileged

#### 1. The Board has Established that a "Summary" Prepared by Jaramillo is Privileged Attorney-Client Communication and Attorney Work-Product

The first document withheld by the Board on claims of privilege is described as a summary, including a timeline and Jaramillo's comments regarding "the interactions of Jaramillo and others" relative to allegations of Jaramillo's sexual misconduct by former Cariños employee Deana Gallegos and S.N.G. [*Id.*]. According to the supplemental privilege logs, the summary was

prepared by Jaramillo for and at the direction of his then-attorneys Richard Roybal and Michael Carrico for use in proceedings before the Public Education Department and anticipated litigation by Ms. Gallegos. [Doc. 43, p. 2; Doc. 47, p. 1].

The Board claims that the summary is both protected attorney-client communications and attorney work-product. [*Id.*]. As described, the summary is a statement by Jaramillo, prepared for and at the direction of his attorneys, for Jaramillo's defense in the Public Education Department proceedings and anticipated litigation. [*Id.*]. The summary can be characterized as communication between Jaramillo and his attorneys related to legal advice or strategy and as a document prepared by Jaramillo for his attorneys in anticipation of litigation. As a result, both attorney-client privilege and the work-product doctrine are applicable. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Proceedings*, 616 F.3d at 1182.

2. **The Board has Established That a Letter From Cariños' Acting Principal to the Board's Former Attorney is Privileged Attorney-Client Communication**

The second document withheld by the Board on a claim of privilege is described as a September 13, 2017 letter by Bernice Life, then acting principal of Cariños, providing details to Mr. Van Amberg, then attorney for the Board, regarding allegations by Ms. Gallegos, and seeking Mr. Van Amberg's advice. [Doc. 43, p. 2; Doc. 47, pp. 2-3]. The timing of the letter corresponds with the initiation of the Public Education Department's investigation into Ms. Gallegos' allegations of Jaramillo's sexual misconduct. [Doc. 28, p.4; Doc. 28-1, pp. 2, 8-14]. This information is sufficient to establish that the letter was a communication between an attorney and client related to legal advice or strategy sought by the client. Accordingly, the letter is protected attorney-client communication. *In re Grand Jury Proceedings*, 616 F.3d at 1182.

3. **The Board has Established That a Joint Defense Agreement Between Former Counsel for Jaramillo's and Former Counsel for the Board is Protected Attorney Work-Product**

The third document withheld by the Board on a claim of privilege is a joint defense agreement between Jaramillo's counsel and the Board's counsel relative to the litigation that arose from Ms. Gallegos' allegations against Jaramillo. [Doc. 31, pp. 3, 7, 10; Doc. 43, p. 2; Doc. 47, p. 3]. To establish a joint-defense privilege, the proponent of the privilege must first establish either the attorney-client or work-product privilege, and then must demonstrate that: (1) the documents were made in the course of a joint-defense effort; and (2) the documents were designed to further that effort. *In re Grand Jury Proceedings,* 156 F.3d 1038, 1043 (10th Cir.1998).

Here, the joint defense agreement withheld by the Board was prepared by former counsel for Jaramillo and former counsel for the Board in anticipation of the Gallegos litigation. [Doc. 43, p. 2; Doc. 47, p. 3]. The agreement was made in the course of a joint-defense effort and was designed to further that effort. [*Id.*]. Accordingly, the joint-defense privilege applies.

**B. The Record Does Not Support Waiver of Privilege**

Plaintiff suggests that some of the documents initially withheld by the Board on claims of privilege may have been produced in response to a subpoena issued by the Public Education Department in 2018 and that any privilege asserted as to such documents was waived by their production. [Doc. 28, pp. 16-17]; *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) ("Because confidentiality is critical to the privilege, it will be lost if the client discloses the substance of an otherwise privileged communication to a third party. The confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. Where disclosure to a third party is voluntary, the privilege is waived.").

Attached to both parties briefing are copies of the 2018 subpoena issued to Jaramillo and Cariños by the Public Education Department as well as an inventory of documents produced in response to the subpoena. [Doc. 26-1, pp. 8-15; Doc. 28-1, pp. 8-14]. From these documents and the record in this case, it does not appear that the documents at issue in the instant Motion were produced in response to the Public Education Department subpoena. Thus, the record in this case does not support waiver or privilege for purposes of the instant Motion.

IV.    ORDER

For the foregoing reasons, the Court concludes that the Board has established privilege as to the documents identified in its supplemental privilege logs [Doc. 43; Doc. 47]. The Board's *Motion to Quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* [Doc. 26] is therefore GRANTED.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE