IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANNE GARRITY ESQ., as
Court-Appointed Guardian Ad
Litem for S.N.G., a minor,

    Plaintiff,

v.                                                    CV 19-00095 JAP/JHR

THE GOVERNANCE BOARD
OF CARIÑOS CHARTER
SCHOOL and VERNON
JARAMILLO, individually,

    Defendants.

**ORDER ON DEFENDANTS' MOTION TO ENLARGE
TIME TO SUBMIT EXPERT PSYCHOLOGICAL REPORT**

THIS MATTER is before the Court on *Defendants' Motion to Enlarge Time to Submit Expert Psychological Report* [Doc. 45], filed November 30, 2019. The determinative question is whether Defendants have demonstrated good cause under Rule 6 of the Federal Rules of Civil Procedure to enlarge the time initially granted to submit their expert psychological report. Having reviewed the parties' submissions, the record, and the relevant law the Court concludes that Defendants' Motion is well taken and should be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from allegations Defendant Vernon Jaramillo was sexually inappropriate toward and sexually assaulted S.N.G., a minor child, while S.N.G. was a student at Cariños Charter School (Cariños) and Defendant Jaramillo was the school's Chancellor and CEO. [Doc. 1-1, pp. 2-4]. Plaintiff's Complaint was filed in the First Judicial District Court of New Mexico on January 4. 2019. [Doc. 1-1]. The case was removed on February 2, 2019. [Doc. 1].

At the July 10, 2019 Scheduling Conference, the parties requested the Court delay the entry of a Rule 16 Scheduling Order and allow limited discovery in preparation for an early settlement conference. [Doc. 12]. Upon the parties' stipulation, the Court delayed the entry of a Rule 16 Scheduling Order and set deadlines for the parties' respective psychological expert disclosures. [Doc. 16]. A settlement conference was set for December 3, 2019. [Doc. 17].

Defendants attempted to take Plaintiff's deposition on September 10, 2019. [Doc. 24; Doc. 45, p. 3; Doc. 48, p. 3]. Approximately fifteen minutes into the deposition, Plaintiff suffered an anxiety attack and the deposition was terminated. [Doc. 45, pp. 3-4; Doc. 48, p. 3]. Defendants agreed to reassess the need to depose Plaintiff pending receipt of Plaintiff's expert witness disclosure and settlement demand. [Doc. 45, p. 4; Doc. 48, p. 3]. Plaintiff timely submitted her expert psychological expert disclosure on October 1, 2019. [Doc. 29].

On November 6, 2019, Plaintiff submitted her settlement demand. Subsequently, counsel for Defendant, the Governance Board of Cariños Charter School (the Board) advised Plaintiff's counsel that Defendants would move forward with Plaintiff's deposition, stating that Plaintiff's testimony was necessary for Defendants' psychological expert to render an opinion. [Doc. 45, p. 4; Doc. 48, p. 4; Doc. 48-1, pp. 12, 24]. The Board's counsel also expressed concern that the December 3, 2019 settlement conference may not be feasible.

The parties were unable to find a mutually acceptable date for Plaintiff's deposition prior to Defendants' November 30, 2019 expert disclosure deadline. [Doc. 45, pp. 4-5; Doc. 48, pp. 4-5; Doc. 48-1, pp. 21-24]. On November 18, 2019, Defendants identified their expert to Plaintiff, but did not submit the expert's report. [Doc. 40, Doc. 45, p. 6]. On November 19, 2019, Defendants filed an *Unopposed Motion to Vacate the December 3, 2019 Settlement Conference* [Doc. 41],

which the Court granted. [Doc. 42]. On Defendants' November 30, 2019, deadline to disclose their psychological expert, Defendants moved for an extension of that deadline. [Doc. 45].

## II. LEGAL STANDARD

Rule 6(b) sets forth the general standard for extensions of time when "an act may or must be done within a specified time." Fed. R. Civ. P 6(b)(1). Where, as here, the request is made before the original time expires, "the court may, for good cause, extend the time…[w]ith or without motion or notice." *Id.* "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant" and "requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Utah Republican Party v. Herbert*, 678 F. Appx. 697, 700-01 (10th Cir. 2017) (unpublished) (internal quotation marks and citations omitted).[1]

---

[1] While the Tenth Circuit has not explicitly stated that "good cause" has precisely the same meaning under Rules 16(b)(4) and 6(b)(1), there is some reason to believe that it does. *See Candelaria v. Molina Healthcare, Inc.*, No. 18-cv-725, 2019 WL 4643946, at *4 (D.N.M. Sept. 24, 2019) (unpublished). In the unpublished *Herbert* opinion, the Tenth Circuit applied Rule 16 diligence standard in the context of "good cause" under Rule 6. *See Herbert*, 678 F. App'x at 701. "There is also a generally recognized presumption that the same term has the same meaning when it occurs ... in a single statute." *Candelaria*, No. 18-cv-725, 2019 WL 4643946, at *4 (alteration in original) (internal quotation marks and citation omitted); *see Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007). "On the other hand, this presumption is not rigid, and some courts have differentiated, holding that good cause under Rule 16(b)(4) is a more onerous standard than good cause under Rule 6(b)." *Candelaria*, No. 18-cv-725, 2019 WL 4643946, at *4 (alteration in original) (internal quotation marks and citation omitted); *see, e.g., McCann v. Cullinan*, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (unpublished) (interpreting case law to find that the Rule 16 "good cause" burden is "much heavier" than in Rule 6). "The Tenth Circuit has not addressed this distinction, although it has established that 'good cause' under Rule 6(b) requires *at least as much* as would be required to show excusable neglect." *Candelaria*, No. 18-cv-725, 2019 WL 4643946, at *4 (emphasis in original) (internal quotation marks and citation omitted); *see Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "Moreover, under Rule 6(b) simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Candelaria*, No. 18-cv-725, 2019 WL 4643946, at *4 (internal quotation marks and citation omitted).

## III. ANALYSIS

In the present case, early expert disclosure deadlines were set at the request of the parties so that they could prepare for an early settlement conference. [Doc. 12; Doc, 13; Doc. 14]. It appears that the parties continued to work toward this goal even after Plaintiff was unable to complete her September 10, 2019 deposition. Defendants contend, and Plaintiff does not dispute, that Defendants' counsel agreed to postpone completion of Plaintiff's deposition until Defendants could review Plaintiff's expert disclosure and settlement demand, as well as Plaintiff's deposition testimony from a previous related proceeding, to see if the matter could be resolved without having to complete Plaintiff's deposition. [Doc. 45, p. 4; *see generally* Doc. 48].

Defendants received Plaintiff's expert disclosure on October 1, 2019 and Plaintiff's settlement demand on or about November 6, 2019. [Doc. 45, p. 4; Doc. 48, p. 4; Doc. 48-1, pp. 12, 24]. On November 6, 2019, Defendants' counsel advised Plaintiff's counsel that they would move forward with Plaintiff's deposition. [*Id.*]. This left Defendants approximately 24 days to conduct Plaintiff's deposition and prepare their expert disclosure, which was due November 30, 2019. [Doc. 14]. The parties were unable to schedule Plaintiff's deposition in that time due to counsel's availability and disagreements regarding the conditions for the deposition. [Doc. 45, pp. 4-5; Doc. 48, pp. 4-5; Doc. 48-1, pp. 21-24].

Seven weeks elapsed between Plaintiff's September 10, 2019 deposition and Defendants' November 6, 2019 decision to move forward with the deposition. [Doc. 14; Doc. 48-1, p. 12]. At least three weeks of that delay is attributable to Defendants' good faith effort resolve the case without requiring Plaintiff to complete the deposition. [Doc. 45, p. 4; Doc. 48, p. 4; Doc. 48-1, pp. 12, 24]. Plaintiff disputes whether it was reasonable for Defendants to take an additional four weeks to decide whether to move forward while they reviewed Plaintiff's expert disclosure and

4

prior testimony and waited for Plaintiff's settlement demand. [Doc. 48, p. 9]. Nonetheless, it does appear that the parties were attempting to work together toward an early resolution, at least up until November 6, 2019. And while the delay in deciding whether to proceed with Plaintiff's deposition contributed to Defendants' inability to meet their expert disclosure deadline, it cannot be said that the delay was attributable to a lack of diligence.

Further, because no other deadlines have been set, and the settlement conference has been vacated, the Court finds no prejudice in extending the time for Defendants' expert disclosure. The Court has set a Scheduling Conference for January 30, 2020, after which it will enter a Rule 16 Scheduling Order.

**IV.    ORDER**

For the foregoing reasons, the Court finds good cause to extend the deadline for Defendants' expert disclosure. Defendants' *Motion to Enlarge Time to Submit Expert Psychological Report* [Doc. 45] is therefore GRANTED. After the January 30, 2020 Scheduling Conference, the Court will enter a separate Rule 16 Scheduling Order, to include expert disclosure deadline(s).

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE