IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE GARRITY ESQ., as
Court-Appointed Guardian Ad
Litem for S.N.G., a minor,

        Plaintiff,

v.                                                                                                                           CV 19-0095 JHR/SCY

THE GOVERNANCE BOARD
OF CARINOS CHARTER SCHOOL
and VERNON JARAMILLO, individually,

        Defendants,

and

DIANE GARRITY ESQ., as
Court-Appointed Guardian Ad
Litem for L.A., a minor,

        Plaintiff,

v.                                                                                                                           CV 20-0340 JHR/SCY

THE GOVERNANCE BOARD
OF CARINOS CHARTER SCHOOL
and VERNON JARAMILLO, individually,

## MEMORANDUM OPINION AND ORDER
## APPROVING MINORS' JOINT SETTLEMENT

      THESE MATTERS are before the Court on the propriety of a joint settlement negotiated on behalf of the minors S.N.G. and L.A. The parties consented to me "to conduct all proceedings and enter a final order [regarding the propriety of the joint settlement] in accordance with 28 U.S.C. § 636(c)." [S.N.G. Doc.[1] 144; L.A. Doc.[2] 94]. Having (1) appointed Allegra Carpenter to act as

---

[1] All citations to "S.N.G. Doc." refer to documents filed in the civil case: 19-0095 JHR/SCY.
[2] All citations to "L.A. Doc." refer to documents filed in the civil case: 20-0340 JHR/SCY.

1

the Guardian *ad Litem* for the minors [S.N.G. Doc. 150; L.A. Doc. 98], (2) held a joint fairness hearing on April 15, 2022 [S.N.G. Doc. 153; L.A. Doc. 103], and (3) thoroughly reviewed Ms. Carpenter's reports [S.N.G. Doc. 152; L.A. Doc. 100], the Court finds the joint settlement is fair to the minors and approves the settlement.

## I.    BACKGROUND

These two cases were brought by two minors with similar claims against identical defendants. [*See generally* S.N.G. Doc. 1-1; L.A. Doc. 1]. The two minors hired common counsel and Diane Garrity acts as the litigation Guardian *ad Litem* on behalf of each. [S.N.G. Doc. 1-1; L.A. Doc. 37]. After a joint mediation facilitated by U.S. Magistrate Judge Kirtan Khalsa, a settlement was reached. [S.N.G. Doc. 143; L.A. Doc. 93]. Upon joint request, I appointed Allegra Carpenter to act as the Court's Guardian *ad Litem* to evaluate the fairness of the settlement. [S.N.G. Doc. 150; L.A. Doc. 98]. The Guardian *ad litem* filed her reports on April 8, 2022, recommending approval of the joint settlement. [*See generally* S.N.G. Doc. 152; L.A. Doc. 100]. The Court adopts the Guardian *ad litem* reports as further findings supporting this Order.

The Court held a joint fairness hearing on April 15, 2022, to review the settlement and determine whether it is fair to both minors. [S.N.G. 153; L.A. Doc. 103]. Participants included S.N.G. and her mother Veronica, L.A. and her mother Valerie, the common litigation Guardian *ad Litem* Ms. Garrity, Plaintiffs' attorneys Linda Hemphill, Leigh Messerer and Linda Martinez-Palmer, Defendants' counsel Jerry Walz for the Governance Board and Gerald Coppler for Vernon Jaramillo, and the Court's Guardian *ad Litem* Allegra Carpenter. [*Id.*]. The Guardian *ad litem* presented her reports and her recommendation to approve the joint settlement and answered questions; the Court took judicial notice of the reports. [*Id.*]. The minors' Guardian *ad litem* Diane Garrity, Veronica (S.N.G.'s mother), and Valerie (L.A.'s mother) then each testified to their

understanding and approval of the settlement. [*See id.*]. At the close of the evidence, all of the parties expressed approval of the joint settlement and requested the Court's approval on their behalf. [*Id.*].

## II.     GOVERNING LAW

The Court's power to appoint a guardian *ad litem* to protect the interests of minor children arises from the text of Federal Rule of Civil Procedure 17(c) which, itself, "flows from the general duty of the court to protect the interests of infants and incompetents in cases before the court." *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (citations omitted).[3] Appointment of a guardian *ad litem* is appropriate whenever "the interests of the infant and the infant's legal representative diverge[.]" *Id.* (citation omitted). In a setting such as this, the guardian *ad litem*'s primary mission is to investigate and advise the Court whether a settlement negotiated by adults should be approved on behalf of a minor who was involved in the negotiations only by representation.

Aided by the guardian *ad litem*, the Court's role is to review any proposed settlement affecting minor children to determine whether the settlement is "fair" and in the "best interests of the minor children." *Unruh v. James D. Vandever Trucking, Inc.*, No. 17-cv-0422 JCH/SMV, 2018 WL 1684328, at *3 (D.N.M. April 6, 2018) (quoted authority omitted). The Court is guided by the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law or fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere

---

[3] While recognizing that the claims at issue here are primarily federal (*Garrick* was a diversity case), as was discussed by Magistrate Judge Vidmar in *Unruh v. James D. Vandever Trucking, Inc.*, the judiciary in New Mexico generally bears "a special obligation to see that children are properly represented, not only by their own representatives, but also by the court itself." No. 17-cv-0422 JCH/SMV, 2018 WL 1684328, at *3 (D.N.M. April 6, 2018). The Court is, therefore, guided by both state and federal case law in analyzing the reasonableness of the pertinent settlement and its fairness to the minors.

possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (citing *In re King Resources Co. Security Litigation*, 420 F. Supp. 610 (D. Colo. 1976)). If the settlement is not fair to a child involved in any respect, it must be rejected. *Unruh*, 2018 WL 1684328, at *3-4.

### III.     FINDINGS

Having considered the evidence presented, including Guardian *ad litem* Allegra Carpenter's findings and recommendations, the Court finds that:

(1) The proposed settlement was fairly and honestly negotiated.

(2) Serious questions of law and fact exist which, in the absence of this settlement, place the ultimate outcome of this litigation in doubt.

(3) The value of an immediate recovery through this settlement outweighs the mere possibility of future relief through what would be protracted and expensive litigation.

(4) In the judgment of all the parties, this settlement is fair and reasonable.

Ms. Carpenter recommends approval of the joint settlement and findings that the parties' agreement is knowing, voluntary, and in the best interest of the minors. Based on the entire record, including Veronica (S.N.G's mother), Valerie (L.A.'s mother), and Guardian *ad litem* Diane Garrity's testimony approving the joint settlement, the Court finds that the settlement is a knowing and voluntary agreement on behalf of each of the parties including the minors, and that it is fair and in the best interest of both minors.

### IV.     CONCLUSION AND ORDER

For the above reasons, the Court hereby:

1. **adopts** Ms. Carpenter's report and recommendations [S.N.G. Doc. 152; L.A. Doc. 100];

2. **approves** the joint settlement reached between the parties;

3. **orders** closing documents due within thirty (30) days of entry of this Order;

4. **orders** Ms. Carpenter be compensated according to the order of appointment entered on February 1, 2022 [*See* S.N.G. Doc. 150; L.A. Doc. 98];

5. **concludes** that, upon entry of a final judgment, Ms. Carpenter has completed her duties and is hereby discharged from any further duties in this matter.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*